UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOUGLAS RIVERA,

                Petitioner,

v.                                                         9:20-CV-0865
                                                           (GTS/ATB)
JOHN RICH, Superintendent,

                Respondent.
_____

ANDREW T. BAXTER
United States Magistrate Judge

## DECISION and ORDER

Petitioner Douglas Rivera seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1-1-2, Exhibits.[1] Petitioner challenges a 2015 judgment of conviction in Montgomery County, upon a guilty plea, of second degree burglary. Pet. at 2; *accord People v. Rivera*, 164 A.D.3d 1573, 1573 (3rd Dep't 2018).

Simultaneously with the commencement of this action, petitioner also applied for appointment of counsel. Dkt. No. 3. On August 10, 2020, the Court directed respondent to file an answer to the petition and denied petitioner's application without prejudice. Dkt. No. 6, Decision and Order ("August Order")

Respondent opposed the petition. Dkt. No. 13, Memorandum of Law in Opposition; Dkt. No. 14, Answer; Dkt. No. 15, State Court Records. Upon receipt of the respondent's opposition, the Court provided petitioner with an opportunity to file a reply. Dkt. No. 17, Text Order.

---

[1] For the sake of clarity, citations to both parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Instead, petitioner filed motions (1) seeking to compel discovery; (2) requesting an extension of time to file his reply; and (3) requesting default judgment. Dkt. Nos. 18 & 19. Respondent opposed petitioner's motions to compel and for a default judgment. Dkt. No. 21. On April 6, 2021, the Court denied petitioner's motions to compel discovery and for default judgment and granted him an extension of time within which to file his reply. Dkt. No. 22, Decision and Order ("April Order").

Petitioner presently seeks reconsideration of the August and April Orders. Dkt. No. 24. Specifically, petitioner moves for reconsideration of the motion to compel because "the Court's decision was entered prior to the Court receiving petitioner's [reply] papers in support of his motions, and because of such, there appears to be error in the Court's written findings." *Id.* at 1. Petitioner assumed that he would be given thirty days to file a reply to respondent's opposition; however, the Court issued the April Order before receiving the reply and, per petitioner, "made erroneous findings in [its] written decision." *Id.* at 1-2. Moreover, petitioner seeks reconsideration of his request for a default judgment or, alternatively, reconsideration of the August Order denying his motion for counsel and the issuance of a stay. *Id.* at 4.

Respondent opposes petitioner's motion. Dkt. No. 25. Specifically, respondent argues that the motion is untimely and meritless because it fails to provide an adequate basis for reconsideration. *Id.* at 2-4.

As a preliminary matter, the Court agrees with respondent that petitioner's motion is untimely. The Local Rules provide that a motion for reconsideration must be filed "no later than fourteen days after the entry of the challenged . . . order[.]" N.D.N.Y.L.R. 60.1. Here, the April Order is dated April 6, 2021. April Order at 10. Because petitioner was served by

mail, *see* Dkt. Entry for April Order, he is entitled to an additional three days time. Fed. R. Civ. P. 6(d). Therefore, in order to be timely filed, the motion was due on or before April 23, 2021. However, petitioner's motion is dated April 29, 2021.[2] Accordingly, it was filed six days too late and can be denied on that basis alone.

Even assuming the motion was timely filed, it is still inadequate to justify the requested relief. "The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).

First, petitioner's assumption that he was entitled to file a reply to respondent's opposition to his motion was incorrect. The Local Rules indicate that "[r]eply papers . . . are not permitted without the Court's prior permission." N.D.N.Y.L.R. 7.1(a)(2). Petitioner did not request, let alone acquire, the required permission; therefore, the Court did not anticipate petitioner's reply. Moreover, the Court did not require a reply and would not have authorized one even if petitioner had properly sought permission to do so. Consequently, the Court did not err by timely deciding the motion without said reply papers.

---

[2] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Second, petitioner's conclusory assertions that the April Order contains "erroneous findings" is completely unsupported. Petitioner contends that the Court misunderstood his motion, representing that the Court only identified "limited" reasons why petitioner needed his presentence investigation report ("PSI"). Dkt. No. 24 at 2. This misstates the April Order, which discussed the "several different reasons" petitioner claimed he required his PSI, examined petitioner's argument that *Townsend v. Burke*, 334 U.S. 736 (1948) compelled disclosure, and explained a range of rationale why the Court disagreed with petitioner's arguments. April Order at 3-7. The essence of petitioner's motion for reconsideration remains the same as his original motion for discovery. Petitioner continues to rehash the same facts and arguments that he presented before. However, petitioner fails to identify controlling decisions or data that the Court overlooked which would reasonably change the Court's prior decision. In sum, petitioner's continued disagreement with this Court's decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007).

Petitioner "rest[s] on his papers before the Court," to request reconsideration of the April Order's decision to deny petitioner's motion for default judgment and, in the alternative, for its August Order denying appointment of counsel. Dkt. No. 24 at 4. These bare bones proffers, at best, vaguely reference previously unsuccessful arguments and, at worst, completely fail to identify any controlling decisions or data that would cause the Court to change its conclusion. Accordingly, as the Court has not been presented with a change in the law, the discovery of new evidence, or a manifest injustice which must be rectified, reconsideration of the Court's previous decisions is not warranted.

With respect to petitioner's request for a hearing, his request is denied. The Local

4

Rules again provide that "[t]he Court will decide motions for reconsideration . . . on submission of the papers, without oral argument, unless the Court directs otherwise." N.D.N.Y.L.R. 60.1.  Here, there is no need for oral argument as, for the aforementioned reasons, petitioner has failed to establish that he is entitled to reconsideration.

Moreover, to the extent petitioner seeks to have this Decision reviewed, petitioner "must file and serve [any] appeal [to the District Court Judge] within fourteen (14) days [of] being served with the Magistrate Judge's Order, and must specifically designate the order or part of the order from which [he] seeks relief and the basis for the appeal." N.D.N.Y.L.R. 72.1(b).

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to reconsider the August and April Orders, Dkt. No. 24, is **DENIED**; and it is further

**ORDERED** that petitioner's request for a hearing, Dkt. No. 24 at 4, is **DENIED**; and it is further

**ORDERED** that, to the extent petitioner wishes to appeal the instant Decision and Order, any such appeal must be made to the District Court Judge within fourteen days of receiving this decision.  If petitioner chooses to appeal the instant Decision and Order, the proceedings will be stayed pending the District Judge's decision on the appeal; and it is further

**ORDERED** that petitioner's deadline to file a reply is stayed pending resolution of any appeal from this Decision and Order.  The Court will schedule petitioner's deadline for his reply either after petitioner's time to appeal to the District Judge has passed or said appeal has been decided; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

Dated: June 3, 2021

                                    Andrew T. Baxter
                                    U.S. Magistrate Judge